Suyono v. Sessions

BIA
Morace, IJ
A077 544 057

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand seventeen.

PRESENT:
>       JOHN M. WALKER, JR.,
>       DEBRA ANN LIVINGSTON,
>       GERARD E. LYNCH,
>               *Circuit Judges.*

_____

SUYONO SUYONO,

>       *Petitioner,*

>       v.                                          12-1647

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,

>       *Respondent.*

_____

FOR PETITIONER:             YIMIN CHEN, New York, NY.

FOR RESPONDENT:             JOANNA L. WATSON (Benjamin C. Mizer,
                            Jonathan A. Robbins, on the brief),
                            United States Department of Justice,
                            Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Petitioner Suyono Suyono, a native and citizen of Indonesia, seeks review of a March 26, 2012, decision of the BIA overturning an April 7, 2010, decision of an Immigration Judge ("IJ") that granted Suyono's application for asylum. *In re Suyono Suyono*, No. A077 544 057 (B.I.A. Mar. 26, 2012), *rev'g* No. A077 544 057 (Immigr. Ct. N.Y.C. Apr. 7, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

In the posture of this case, we, following the BIA, assume the credibility of the asylum applicant, and review the BIA's determination on that assumption. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our review of the BIA's application of legal principles to facts is *de novo*. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). For the reasons that follow, we conclude that the BIA did not adequately explain its decision to reverse the IJ's grant of asylum.

First, the BIA failed to sufficiently articulate its reasoning for finding that the mistreatment Suyono had suffered in Indonesia did not rise to the level of persecution. Although it is true that the BIA reviews *de novo* the legal question whether past instances

2

of harm rise to the level of persecution, *see Hui Lin Huang v. Holder*, 677 F.3d 130, 135 (2d Cir. 2012), the BIA did not offer any explanation of why, in its view, Suyono's mistreatment did not amount to persecution. The absence of explanation is particularly problematic in this context because "the difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis," and past persecution can be demonstrated even by "non-life-threatening violence and physical abuse." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks omitted). We also note that the Board's conclusory finding of no past persecution was *sua sponte*. As the dissenting Board member pointed out, the Department of Homeland Security, in its brief to the BIA, did not challenge the IJ's finding of past persecution. Without further explanation on this point, therefore, we cannot meaningfully review the validity of the legal determination made by the BIA. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("[W]e require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").

Similarly, the BIA did not elaborate why it viewed the evidence as failing to establish that the Indonesian government was unwilling or unable to protect Suyono from violence at the hands of native Indonesian Muslims. Rather than explaining why the IJ's contrary

3

determination was either clearly erroneous as a factual matter or legally incorrect, the BIA simply declared that "the record does not establish that the Indonesian government was unable or unwilling to protect Suyono." CAR at 4. The BIA reasoned that the Indonesian government was not unwilling or unable to protect Suyono because "the police intervened to stop the attack on [Suyono] in 1992, and he filed a police report following the December 1993 assault." *Id*. However, the BIA did not address the substance of Suyono's testimony – the central record evidence - regarding those assaults. Hence it is unclear on what grounds the BIA reached its ultimate determination that Suyono had not established the inability or unwillingness of the Indonesian government to protect him.

Third, the BIA's alternative determination – that, even assuming Suyono suffered past persecution, circumstances in Indonesia had fundamentally changed – does not obviate the need for remand because the BIA does not appear to have applied the correct standard of review in its analysis of this issue and, in any case, did not sufficiently explain its rationale for reversal. *See* 8 C.F.R. § 1003.1(d)(3)(i) (providing for clear error review); *see also Hui Lin Huang*, 677 F.3d at 134 (applying the clear error standard). Though the IJ found that country conditions had not substantially changed since Suyono's departure from Indonesia in August 1995, the BIA's contrary analysis cited only to the very portions of the Department of State's 2009 Human Rights Report for

4

Indonesia (the "Country Report") that the IJ had pointed to in support of his decision, without explaining why the conclusions the IJ drew from those portions of the Country Report were incorrect.

Lastly, we reject the Government's attempt to support the BIA's inadequate analysis with rationales not advanced by the BIA. "Inadequate analysis . . . [is] not excused by the fact that a hypothetical adjudicator, applying the law correctly, might also have denied the petition for asylum." *Poradisova*, 420 F.3d at 77. "[A] denial of immigration relief stands or falls on the reasons given by" the IJ or BIA, since "it would usurp the role of the agency for a reviewing court to assume a hypothetical basis for the [agency's] determination, even one based in the record." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117 (2d Cir. 2007) (internal quotation marks omitted).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, we now VACATE the stay of removal that this Court previously granted pending resolution of this appeal.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

5